## ADAMS *vs.* STEVENS.

Upon a petition for the sale of mortgaged premises for an installment falling due subsequently to the decree, no retainer is allowed for solicitor and counsel, or either of them, even though there is a solicitor and counsel different from those in the original suit.

No fee is allowed for counsel perusing and amending a mere interlocutory petition, in the course of a cause.

Papers unnecessarily voluminous, though actually made, will not be allowed for upon taxation, except for so much as was necessary to be incorporated in the papers. Charges for useless folios will be rejected upon taxation.

A MORTGAGE was foreclosed in this court, and the usual decree upon a mortgage payable by installments, where all the installments were not due, was made and entered. Upon this decree, a petition was filed for the sale of the mortgaged premises, for the non-payment of an installment becoming due subsequent to the entry of the decree, and the usual order made. The petitioner now presents his costs for taxation, and has made out a bill of more than $84, though there was no opposition to the application.

THE VICE CHANCELLOR. The amount of this bill induced me to obtain the papers from the clerk's office, to see for myself if it was made out in any spirit of fairness, and if there was any justification for such an excessive bill. I find that it is but a common case, and yet the petition is charged at fifty-four folios, the order at twenty folios, and the whole papers are unnecessarily voluminous. It is such bills of costs as this, that turn upon the legal profession the indignation of a portion of community, and have

aroused them to evoke legislative action to curtail such extravagant and exorbitant charges. Solicitors who attempt to make out and get taxed such bills, not only commit an individual act of wrong and oppression, but by such conduct they subject the whole legal profession to obloquy, in which the fair, the conscientious, and the upright, (constituting certainly much the greatest portion of the profession,) are undeservedly involved to a certain extent. This is an act of injustice which may be inflicted upon a high minded and honorable profession, by a single grasping and unconscientious solicitor.

It is certainly hardly consistent or reasonable, that while, by our present act, the costs of a mortgage foreclosure can scarcely reach to the sum of twenty dollars, that the costs of a mere supplementary petition for a sale upon the falling due of another installment, should swell to this amount. It is inconsistent, unreasonable, unjust, and oppressive, and this bill of costs must be greatly reduced.

Retaining fee for solicitor and counsel, $8, cannot be allowed. This is not a new, but merely a supplementary proceeding. This charge was allowed in the original bill of costs, and cannot be again allowed, even though a new solicitor is employed. Counsel perusing and amending petition, $2 50, cannot be allowed. The fee bill makes no provision for such a charge. It applies to bills, pleas, answers, demurrers, interrogatories, and exceptions. It does not apply to amendments or to interlocutory petitions in a cause, whatever may be the rule as to original petitions in the nature of original bills.

Draft petition, 54 folios, engrossing and copies. It certainly cannot be tolerated, that while the fo-

Mar. 1841.

lios in a bill to foreclose a mortgage are limited by rule to twenty legal pages, that a mere petition for a sale for another installment, should be taxed at so much more. This voluminous verbiage is unnecessary and oppressive. All· that is necessary to be stated in such a petition, can be stated within the compass of ten folios, and generally within much less. In this case it is allowed at ten folios. The order of sale is charged at twenty folios, which must also be reduced as unnecessarily long, and so with several other papers in the cause; and the bill be taxed upon such reduced scale.